UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTRELL V. BROWN, #367927,

        Plaintiff,

                              CASE NO. 2:16-CV-13725
v.                              HONORABLE GERALD E. ROSEN

D. SUPPES, et al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

**I.    INTRODUCTION**

Michigan prisoner Antrell V. Brown ("Plaintiff"), currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 which consists of more than 800 pages of hand-written allegations, grievance forms, state court documents, and other exhibits.[1]  His claims appear to involve the alleged denial of adequate medical care for HIV/AIDS, religious, racial, and illness-related discrimination, the denial of access to the courts due to prison library problems, the failure to investigate grievances, and retaliation.  Plaintiff names 28 defendants in this action.  The defendants include 20 employees at Bellamy Creek, the Governor of Michigan, the Director, Deputy Director, and Grievance Coordinator for the Michigan Department of Corrections in Lansing, Michigan, the Michigan Department of Corrections Health Care Provider CMS, a psychologist at the Charles Egeler

---

[1] The Court notes that Plaintiff has not provided copies of his complaint and attached documents for service upon the defendants.

Reception and Guidance Center in Jackson, Michigan, Detroit-based attorney Jonathan B.D. Simon, and the Detroit Medical Center/Detroit Receiving Hospital. He sues the defendants in their personal and official capacities and seeks injunctive relief and monetary damages. The Court has granted Plaintiff leave to proceed without prepayment of the fees and costs for this action. *See* 28 U.S.C. § 1915(a)(1).

**II.    DISCUSSION**

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This notice pleading standard does not

require "detailed" factual allegations, but does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

### A. Prejudicial Dismissal of Attorney Simon

Plaintiff names attorney Jonathan B.D. Simon as a defendant in this action. It is well-settled, however, that appointed and retained attorneys performing traditional functions as defense counsel do not act "under color of state law" and are not state actors subject to suit under 42 U.S.C. § 1983. *Polk Co. v. Dodson*, 454 U.S. 312, 318, 325 (1981); *Elrod v. Michigan Supreme Ct.*, 104 F. App'x 506, 508 (6th Cir. 2004); *see also Cicchini v. Blackwell*, 127 F. App'x 187, 190 (6th Cir. 2005) ("Lawyers are not, merely by virtue of being officers of the court, state actors for § 1983 purposes."). Because attorney Simon is not a state actor subject to suit under § 1983, Plaintiff's complaint against him must be dismissed.

### B. Non-Prejudicial Dismissal of Complaint Under Rule 8(a)

As noted, Plaintiff's complaint consists of more than 800 pages of hand-written allegations, grievance forms, state court documents, and other materials. Federal Rule of Civil Procedure 8(a),

however, requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint violates Rule 8(a) and is subject to dismissal when it "is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Harrell v. Directors of Bureau of Narcotics & Dangerous Drugs*, 70 F.R.D. 444, 446 (E.D. Tenn. 1975); *see also Plymale v. Freeman*, 930 F.2d 919, 1991 WL 54882, *1 (6th Cir. Apr. 12, 1991) (district court did not abuse its discretion in dismissing "rambling" 119-page complaint); *Smith v. Smith*, No. 06-11738, 2006 WL 3511565, *4-6 (E.D. Mich. Dec. 5, 2006) (adopting magistrate judge's report and dismissing prisoner civil rights complaint for failure to comply with Rule 8(a)(2)); *accord Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) (dismissing 116-page complaint pursuant to Rule 8(a)(2)); *Vicom, Inc. v. Harbridge Merchant Svs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (criticizing district court for declining to dismiss amended complaint with prejudice pursuant to Rule 8(a) and noting that "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (stating that a complaint "must be presented with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages"); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (per curiam) (affirming dismissal of 98-page complaint where "[t]he style and prolixity of these pleadings would have made an orderly trial impossible").

Plaintiff's complaint against the remaining 27 defendants, involving more than 800 pages of hand-written allegations, grievances, state court documents, and other exhibits, fails to comply with Rule 8(a). The complaint involves a myriad of claims, dates, and factual allegations against the remaining defendants which are difficult to follow. Plaintiff has not submitted a clear and concise

statement of factual allegations of unconstitutional conduct against each of the defendants. Due to the voluminous and rambling nature of the complaint, the Court cannot readily ascertain the factual specifics for each of Plaintiff's claims or the appropriate defendant/defendants for them. Even a cursory review of the complaint and its attachments is daunting. Neither the Court nor the defendants should be required to sift through 800 pages of materials to discern the who, what, and where of Plaintiff's claims and his bases for relief as to each of the defendants. Consequently, Plaintiff's complaint must be dismissed for failing to comply with Rule 8(a).[2]

### III.   CONCLUSION

For the reasons stated, the Court **DISMISSES** with prejudice the civil rights complaint as to attorney Simon pursuant to 28 U.S.C. § 1915(e)(2). The Court also **DISMISSES** without prejudice the remainder of the civil rights complaint for failure to comply with Federal Rule of Civil Procedure 8(a). Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


s/Gerald E. Rosen  
United States District Judge

Dated:  December 15, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 15, 2016, by electronic and/or ordinary mail.

s/Julie Owens  
Case Manager, (313) 234-5135

---

[2] The Court notes that some claims and/or defendants may also be mis-joined in this civil rights action given the varying nature of Plaintiff's claims (medical care, discrimination, access to courts, retaliation) and the number of defendants. *See* Fed. R. Civ. P. 18(a), 20(a)(2), 21.